UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROBERT COBB,

Petitioner,

-against-

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

Respondent.
-----------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 3955 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Robert Cobb ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court dismiss the petition in its entirety.

## I. BACKGROUND

On February 18, 1999, following a jury trial, petitioner was convicted of robbery in the first degree (three counts), grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and intimidating a victim in the third degree. See Affidavit in Opposition to Petition for Writ of Habeas Corpus, at 4. He was subsequently sentenced to concurrent terms of imprisonment of six to twelve years (on each of the robbery counts), one to three years (grand larceny) and one year (criminal possession of a weapon). See id. at 5. Petitioner was also sentenced to a consecutive term of imprisonment of one and one-third to four years (intimidating a victim). See id. He is presently incarcerated at the Southport Correctional Facility in Pine City, New York.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department; by Decision and Order dated June 18, 2001, the Second Department affirmed the judgment of conviction. See People v. Cobb, 284 A.D.2d 475, 726 N.Y.S.2d 572 (2d Dep't 2001). The New York Court of Appeals denied petitioner leave to appeal on September 25, 2001. See People v. Cobb, 96 N.Y.2d 939, 759 N.E.2d 378, 733 N.Y.S.2d 379 (2001).

On or about July 17, 2003, petitioner filed a motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the grounds, *inter alia*, that his trial counsel was ineffective and the trial court erroneously admitted identification testimony. See Memorandum of Law and Respondent's Exhibits, Exh. 11. By Decision and Order dated November 10, 2003 (County Court, Westchester County, J. Bellantoni), petitioner's motion was denied in its entirety. See id., Exh. 13. On March 1, 2004, the Second Department denied petitioner's request for leave to appeal the denial of his 440.10 motion. See id., Exh. 16. On March 18, 2004, the New York Court of Appeals rejected petitioner's attempt to further appeal the denial of his 440.10 motion. See id., Exh. 17.

On or about January 30, 2008, petitioner filed his initial petition for a writ of habeas corpus. By Decision and Order dated April 28, 2008 (Docket #2), Chief Judge Kimba M. Wood concluded that the petition was filed almost six years after the AEDPA's one-year statute of limitations expired and directed petitioner to show cause as to why his petition is not time-barred. Chief Judge Wood instructed petitioner to submit an amended petition within sixty days in accordance with the Court's order, during which time his habeas proceedings were stayed. On or about May 9, 2008,

petitioner filed the instant amended habeas petition, wherein he argues that he is not procedurally barred from seeking habeas relief because he is actually innocent.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. See 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. Here, petitioner's judgment became final on December 24, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, his habeas petition became time-barred under the AEDPA as of December 25, 2002, unless the limitation period was tolled by equitable considerations.[1]

[1] Chief Judge Wood noted that the AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), is inapplicable to the instant matter because petitioner filed his 440.10 motion well after the expiration of the one-year statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (filing of state court collateral challenge after expiration of one-year statute of limitations does not reset date from which the statute of limitations begins to run).

Petitioner will be entitled to equitable tolling of the AEDPA limitation period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time," and (2) that he acted with "reasonable diligence throughout the period he seeks to toll." See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Here, petitioner does not point to any "extraordinary circumstance" that prevented him from timely filing his habeas petition, nor does he present any evidence that he acted diligently to file his habeas petition. In fact, petitioner concedes that his petition is untimely. Nonetheless, petitioner argues that he is not procedurally barred from seeking habeas relief because he is actually innocent

The Second Circuit has "not yet decided whether the Constitution requires tolling of AEDPA's limitations period in a case of actual innocence." See Brockington v. Marshal, No. 08-0839-PR, 2010 WL 1740817, at *1 (2d Cir. May 3, 2010). The Second Circuit has instructed district courts faced with an untimely petition that claims actual innocence to determine "whether the petitioner has presented a credible claim of actual innocence." See id. (quotation and citation omitted). "Actual innocence means factual innocence, not mere legal insufficiency." Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (quotation and citation omitted). For a petitioner to establish that he is actually innocent of a crime, he must "demonstrate that in light of all the evidence, it is more

likely than not that no reasonable juror would have convicted him." See Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation and citation omitted). Further, petitioner must support his claim of actual innocence with a proffer of "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." See Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004) (quotation and citation omitted).

Here, petitioner has not submitted any new evidence, in the form of eyewitness accounts, alibi witnesses or physical or scientific evidence, which establishes his innocence. Petitioner's sole argument in support of his actual innocence claim is that the pretrial identification procedure was unduly suggestive and, thus, the trial court should have suppressed evidence of the identification. This is the very same argument petitioner asserts as the basis for his entitlement to habeas relief on the merits. "If [petitioner]'s argument was sufficient to constitute a claim of "actual innocence," the AEDPA limitations period essentially would disappear–the Court would have to determine the merits of every untimely habeas petition in order to determine if it was time barred." Alaouie v. Ercole, No. 08 Civ. 3277, 2009 WL 289655, at *3 (S.D.N.Y. Feb. 3, 2009). In sum, petitioner has failed to present a credible claim of actual innocence. Accordingly, I conclude, and respectfully recommend, that the instant petition should be dismissed as untimely.

## III. CONCLUSION

For the foregoing reasons, I conclude that the AEDPA statute of limitations has

expired, there are insufficient grounds for equitable tolling and petitioner has not demonstrated a credible claim of actual innocence. Accordingly, I respectfully recommend that the instant petition for a writ of habeas corpus should be dismissed in its entirety.[2]

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

---

[2] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: July 28, 2010
White Plains, New York

Respectfully Submitted,

George A. Yanthis

GEORGE A. YANTHIS, U.S.M.J.